# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

2007 AUG 14 A 10: 41

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**BUTLER BROWDER,**

Plaintiff

v.

**UNITED STATES POSTAL SERVICE**
**JOHN E. POTTER**, Postmaster General,
of the Unites States, et al.

Defendant

Case No. 2:07-cv-391-ID
Case No. 2:07-cv-546-MEF

## MOTION TO QUASH DEFENDANT'S MOTION TO CONSOLODATE

Comes now the plaintiff, Butler B. Browder, pro se, and moves the court to quash and or deny the defendant's motion to consolidate the above cited actions, and as grounds therefore states as follow:

1. The bases for the plaintiff filing the first lawsuit, #07-391, on May 4, 2007, was a simple and defined denial of plaintiff's rights as governed by the Family and Medical Leave Act of 1993 (FMLA, 25 USC 2601, et seq). This matter can be simply defined, decided and adjudicated on it's face. The plaintiff filed case #07-546 on June 19, 2007 due to his becoming the subject of the disciplinary process after he filed a class action discrimination complaint against the U.S. Postal Service. This disciplinary action led to the plaintiff's termination while others, with much worse attendance records, are still within the employment of the Postal Service. These matters, although occurring during a similar time frame, are not similar and represent two distinctive frames of law.

In case 2:07-cv-391-MEF, the plaintiff must prove his use of FMLA leave was used in determining the discipline that he received, which would, in fact, deny him the protection granted him under the umbrella of the FMLA. The matter can be simply determined by the termination letter and the dates for which he was granted FMLA protection.

In case #07-546, filed on June 19, 2007, the law requires a much more extensive examination of the case. This case will require sworn testimony of witness(es) and the introduction of much more evidence to prove a prima facia case of discrimination and to rebut any articulated reason for the agency's action.

Page 2
Browder v. U.S.P.S.

The adjudication of case #07-546 will require much more time to decide, thereby proponing a decision in case #07-391. The plaintiff could be back at work while case #07-546 is being decided. "Justice delayed is justice denied." The plaintiff reminds the court that, as a result of this action, he has been forced to live off approximately 1/3 of his usual income for the past one (1) year, eight (8) months.

2. These claims are in no way similar.

3. Counsel for the plaintiff in case #07-391 and the plaintiff pro se in case #07-546 concurs that, in the best interest of justice to the plaintiff, that these cases should remain as they are.

Respectfully Submitted:

Butler B. Browder
BBB/lsh
c: file

## Certificate of Service

This is to certify that the attached documents were sent to the below named individuals via U.S. mail on 08/14/07 .

Signed

*Butler Browder*

Butler B. Browder
4504 Sunnybrook Dr
Monty, AL 36108
Pro Se
334-281-1475

LEURA G. CANARY
1 COURT SQUARE
MONTGOMERY, AL

ANDERSON NELMS
847 S. MCDONOUGH ST.
MONTGOMERY, AL 36104