IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BUTLER B. BROWDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )  CIVIL ACTION NO. 2:07cv546-MEF |
| JOHN E. POTTER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER ON MOTION

Upon consideration of Plaintiff Butler Browder's Motion to Amend (Doc. #21), it is

ORDERED that the motion (Doc. #21) is DENIED without prejudice. While courts generally permit plaintiffs to amend their complaints, see Friedlander v. Nims, 755 F.2d 810, 813 (11th Cir. 1985), this Circuit requires plaintiffs to attach a copy of the proposed amendment to their motion or to describe the substance of the amendment to the court in their motion. See United States of Am. v. McInteer, 470 F.3d 1350, 1362 (11th Cir. 2006) (citing Wisdom v. First Midwest Bank, 167 F.3d 402, 409 (8th Cir. 1999)) ("[P]laintiff should not be allowed to amend [his] complaint without showing how the complaint could be amended to save the meritless claim."). As Browder has neither attached a copy of the proposed amendment nor clearly described the substance of the amendment he wishes to make in his motion, the undersigned denies the motion to

amend.[1]

DONE this 20th day of February, 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] The undersigned observes that Browder requests to amend his complaint to include a "protest of the [a]rbitrator's decision." Mot. to Amend (Doc. #21). He then adds that the arbitrator was bound by the collective bargaining agreement to order a fitness for duty exam, and ignored certain medical evidence. Id. These statements do not, in any way, assist the Court in understanding the substance or nature of the claim(s) Browder requests to add. Without more, the Court cannot assess whether the amendment is meritorious, rather than futile.