IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BUTLER B. BROWDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. 2:07cv546-MEF |
| JOHN E. POTTER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On June 19, 2007, Plaintiff, Butler Browder (Browder) commenced this action, naming John E. Potter, Postmaster General United States Postal Service and, potentially, C. J. Harris, Joey Sherman, and Rod Carleton (collectively hereinafter Defendants) as Defendants.  Compl. (Doc. #1) at 1-2.  Browder's Complaint alleges wrongful termination based on his race and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* (2000) for recovery of back pay and reinstatement of his former employment, including injunctive relief, damages, costs, and attorney's fees.  Id. at 1-3.

Specifically, Browder alleges that on or about February and/or March 2006, the United States Postal Service (USPS) terminated his employment because of "alleged infractions" that occurred while he was on official sick leave.  Compl. (Doc. #1) at 2. Browder asserts in his Complaint that the infractions were "legitimate but made up."  Id. He further claims Defendants did not discipline him in the same manner as other non-

black employees who still work for the USPS and have worse attendance records. Id. Browder maintains the disparate treatment began approximately 30 days after he filed a class action discrimination complaint against the USPS. Id.

Defendants filed the pending consolidated Motion to Dismiss or in the Alternative, Motion for Summary Judgment (Doc. #16), as amended (Doc. #22), in response to Browder's Complaint, arguing the Court lacks federal subject matter jurisdiction over the instant action. Defs.'s Br. in Supp. Motion (Doc. #17) at 6-11; Defs.'s Amended Br. in Supp. Motion (Doc. #23) at 7-12 (Defs.'s Amended Br.). Browder filed Responses (Doc. #20, #25) to the Motion, as amended, on September 12, 2007, and October 10, 2007. The undersigned has reviewed carefully the briefs in support and opposition to the motion, and for the reasons provided below, RECOMMENDS the motion (Doc. #16) as amended (Doc. #22) is GRANTED.

**I.    BACKGROUND**

Browder worked as a mail handler for the USPS in Montgomery, Alabama for approximately 37 years. Pl.'s Response (Doc. #20) at 1. On February 2, 2006, Browder received a Notice of Proposed Removal setting forth four charges of misconduct. Id. at 2; Eaves Decl. (Doc. #22-2) at Exh. 1. Browder filed a Equal Employment Opportunity (EEO) complaint with the USPS over his removal, alleging race discrimination and retaliation. Pl.'s Response (Doc. #20) at 2; Eaves Decl. (Doc. #22-2) at Exh. 2. The USPS reviewed the complaint and issued a Final Agency Decision on July 31, 2006,

finding no discrimination with respect to Browder's removal. Pl.'s Response (Doc. #20) at 2; Eaves Decl. (Doc. #22-2) at Exh. 2-7. Browder appealed that decision to the Merit Systems Protection Board (MSPB) on August 21, 2006. Eaves Decl. (Doc. #22-2) at Exh. 3; Pl.'s Response (Doc. #20) at 2.

While Browder pursued this avenue of redress, his Union, the National Postal Mail Handlers Union prosecuted a contractual grievance on Browder's behalf. That grievance was decided through arbitration on November 29, 2006. Pl.'s Response (Doc. #20) at 3; Marcoux Decl.(Doc. #22-3) at Exh. 1. The Arbitrator sustained Browder's discharge. Id.

On December 4, 2006, Browder and the USPS entered into a settlement agreement, the terms of which were taken, read aloud, and entered into the MSPB record by Administrative Judge (AJ) Stuart A. Miller. Pl.'s Response (Doc. #20) at 4; Eaves Decl. (Doc. #22-2) at Exh. 6. Among other terms, the settlement agreement provided the recision of the removal action taken against Browder, his retirement under specified conditions, and the discharge of his MSPB appeal as well as all pending MSPB cases, individual EEO complaints and all grievances filed by Browder. Eaves Decl.(Doc. #22-2) at Exh. 6-7.

That same day, the AJ issued an initial decision finding the settlement agreement valid on its face, entering the agreement into the record, and dismissing Browder's MSPB appeal. The initial decision specifically provided: "As a result of the settlement, [Browder] agrees to withdraw his appeal." Eaves Decl.(Doc. #22-2) at Exh. 7-2. Later

that afternoon, Browder attempted to file a pleading to set aside the settlement agreement with the AJ. Pl.'s Response (Doc. #20) at 5; Eaves Decl. (Doc. #22-2) at Exh. 8. Browder also left a voicemail with the USPS's counsel, informing the attorney Browder desired to vacate the settlement agreement. Pl.'s Response (Doc. #20) at 5; Eaves Decl. (Doc. #22-2) at Exh. 9-1, 2. Eight days later, Browder filed a petition for review to the full board of the MSPB, claiming the settlement agreement was invalid. Pl.'s Response (Doc. #20) at 5; Eaves Decl. (Doc. #22-2) at Exh. 10. On March 6, 2007, the Full Board issued a decision finding no reason to reverse the AJ's initial decision and consequently denied the petition for review. Pl.'s Response (Doc. #20) at 5; Eaves Decl. (Doc. #22-2) at Exh. 11.

On April 13, 2007, Browder appealed the MSPB's final order with the Office of Federal Operations of the Equal Employment Opportunity Commission (EEOC). Pl.'s Response (Doc. #20) at 6; Eaves Decl. (Doc. #22-2) at Exh. 12. The EEOC issued a Decision on May 15, 2007, finding it lacked jurisdiction to review procedural matters decided by the MSPB and over settlement agreements entered into before the MSPB. Pl.'s Response (Doc. #20) at 6; Eaves Decl. (Doc. #22-2) at Exh. 13.

Browder moved the EEOC to reconsider its declination to review the MSPB's ruling on May 29, 2007. Pl.'s Response (Doc. #20) at 6; Eaves Decl. (Doc. #22-2) at Exh. 14. In mid-June 2006, the EEOC responded by letter, finding the requested reconsideration was not provided for by the EEOC regulations. Pl.'s Response (Doc.

4

#20) at 6; Eaves Decl. (Doc. #22-2) at Exh. 15.  This lawsuit followed one week later.

II.     **STANDARD OF REVIEW**

An action may proceed in this Court only if federal subject matter jurisdiction exists.  Lifestar Ambulance Serv., Inc. v. United States, 365 F.3d 1293, 1295 (11th Cir. 2004).  A motion to dismiss for lack of subject matter jurisdiction under Federal Rule 12(b)(1) challenges the authority of the court to hear and decide the case before it.  Attacks on subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) come in two forms: "facial attacks" and "factual attacks."  Garcia v. Copenhaver, Bell & Assoc., 104 F.3d 1256, 1261 (11th Cir. 1997).  A facial attack on the complaint "requires the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion."  Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980)).  A factual attack, on the other hand, "challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered."  Id.  In a factual challenge, a court is not required to assume a plaintiff's allegations are true and is free to weigh the evidence and evaluate the merits of the jurisdictional claims.  Id.  Moreover, a "factual attack" under Rule 12(b)(1) may occur at any stage of the proceedings, and the plaintiff bears the burden of proving jurisdiction does in fact exist.  Menchaca, 613 F.2d at 511.

In the instant case, Defendants' Motion to Dismiss, as amended, which relies upon extrinsic evidence and is not limited solely to the pleadings, is a factual attack. Morrison v. Amway Corp., 323 F.3d 920, 925 n. 5 (11th Cir. 2003). Accordingly, the Court is not required to assume Browder's allegations in the Complaint are true and is free to weigh the evidence and evaluate the merits of the jurisdictional claims. The Court now turns to the parties' arguments.

## III.  DISCUSSION

Defendants assert the Court lacks jurisdiction over Browder's Complaint because as a consequence of the settlement agreement, the MSPB did not render a decision on the merits of Browder's discrimination claims. See Defs.'s Amended Br. (Doc. #23) at 6-9. According to Defendants, the Federal Circuit is the only forum in which Browder can adjudicate an appeal from the MSPB's final decision. Id. at 11.[1]

Browder responds that jurisdiction lies with this Court, as his action involves matters of discrimination. Pl.'s Amended Response (Doc. #25) at 4; see Pl.'s Response (Doc. #20) at 7-9. He further argues the settlement agreement is invalid because the parties never reduced the agreement into writing nor signed it. Browder also claims Defendants "willfully and indirectly" coerced him into the agreement by discussing settlement with the Union, rather than him directly. Pl.'s Response (Doc. #20) at 17; id. at 7-8, 14. According to Browder, these circumstances render the agreement a product of

---

[1] For the reasons infra, the Court need not discuss Defendants' other arguments.

6

fraud and mutual mistake. See id. at 17, 21. Moreover, he claims the AJ wrongfully read the settlement agreement into the record, contrary to the MSPB's requirements. Pl.'s Amended Response (Doc. #25) at 4; Pl.'s Response (Doc. #20) at 7-8.

Title VII grants an aggrieved federal employee the right to file suit in federal district court, see 42 U.S.C. § 2000e-16(c), but before bringing suit, an employee must exhaust his administrative remedies against his federal employer. See Brown v. Gen. Servs. Admin., 425 U.S. 820, 832 (1976); Crawford v. Babbitt, 186 F.3d 1322, 1326 (11th Cir. 1999). If a federal employee fails to exhaust his administrative remedies, the district court cannot adjudicate the employee's Title VII claim. See id.; Fitzgerald v. Sec 32, United States Dep't of Veterans Affairs, 121 F.3d 203, 206 (5th Cir. 1997). The MSPB has jurisdiction over specific adverse employment actions affecting federal employees, including terminations, demotions, and suspensions. See Chappell v. Chao, 388 F.3d 1373, 1375 (11th Cir. 2004) (citing 5 U.S.C. § 7512). "When a federal employee has been subject of one of these actions, he is entitled to appeal to the MSPB." Id. (citing 5 U.S.C. § 7513(d)). Although the MSPB does not have jurisdiction over discrimination claims that are not related to appealable adverse employment actions, a federal employee who alleges that an appealable adverse action was based in whole or in part on discrimination presents a "mixed case" that may be appealed directly to the MSPB. See 5 U.S.C. § 7702(a)(1)(B)(i)-(iv); Chappell, 388 F.3d at 1375 (citing 5 U.S.C. § 7702; 29 C.F.R. § 1614.302; Sloan v. West, 140 F.3d 1255, 1259 (9th Cir. 1998)).

As an alternative to filing a mixed case appeal, the aggrieved federal employee can elect to file a "mixed case complaint" with his agency's EEO office. 29 C.F.R. § 1614.302(b); Butler v. West, 164 F.3d 634, 638 (D.C. Cir. 1999). If the employee elects this route, within 30 days of a final EEO decision, or after 120 days pass without a EEO final decision, the employee can file a mixed case appeal with the MSPB or a civil discrimination action in federal district court. 29 C.F.R. §§ 1614.302(d)(1)(ii), (d)(3); 1614.310(a).

When a complainant appeals to the MSPB, either directly or after pursuing his claim with the agency EEO office, the matter is assigned to an AJ who takes evidence and eventually makes findings of fact and conclusions of law. See 5 C.F.R. §§ 1201.41(b), 1201.111. The AJ's initial decision becomes a final decision if neither party nor the MSPB on its own motion, seeks further review within 35 days. 5 C.F.R. § 1201.113. Both the complainant and the agency, however, can petition the full Board to review an initial decision. Should the Board deny the petition for review, the initial decision becomes final, 5 C.F.R. § 1201.113(b); if the Board grants the petition, its decision is final when issued. 5 C.F.R. § 1201.113(c). At this point, the complainant again has a choice: within 30 days of receiving a final decision from the MSPB, he can either appeal the discrimination claim to the EEOC, 5 C.F.R. § 1201.157, or appeal the entire claim (or any parts thereof) to the appropriate district court. 5 U.S.C. § 7703(b), 5 C.F.R. § 1201.175,

29 C.F.R. § 1614.310(b).[2] Finally, if the MSPB fails to render a judicially reviewable decision within 120 days from the filing of a mixed case appeal, the aggrieved party can pursue her claim in federal district court. 5 U.S.C. § 7702(e)(1)(B).

"The appropriate court for review of an MSPB decision will depend on the type of appeal." Burrell v. United States Postal Serv., 164 F. Supp. 2d 805, 809 (E. D. La. 2001). "Judicial review of an MSPB appeal raising *only* non-discrimination claims lies *exclusively* within the Federal Circuit with no right to review in the district court." Id. (emphasis in original) (citations omitted). "In contrast, judicial review of an MSPB final decision in a mixed case appeal lies exclusively within the district court." Id. at 810 (citations omitted).[3]

A hybrid situation arises when the MSPB dismisses a mixed case appeal, not on the merits, but rather due to lack of Board jurisdiction. Id. When an appeal has been taken to the MSPB, until the discrimination issue and the appealable action have been decided on the merits by the MSPB, an appellant is granted no rights to a trial *de novo* in a civil action

---

[2] On the discrimination claim, the complainant "shall have the right to have the facts subject to trial de novo by the reviewing court." 5 U.S.C. § 7703(c). The district court reviews non-discrimination claims on the administrative record, and will set aside the MSPB's determinations only when "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;" "obtained without procedures required by law, rule or regulation having been followed"; or "unsupported by substantial evidence." 5 U.S.C. § 7703(c)(1)-(3). If the complainant seeks only to pursue his non-discrimination claim, appeal lies exclusively with the Federal Circuit. See 5 U.S.C. § 7703(b)(1); 5 C.F.R. § 1201.120.

[3] Review of a mixed case appeal in the Federal Circuit constitutes a waiver of the discrimination claim because the Federal Circuit has no subject matter jurisdiction over Title VII claims. Chappell v. Chao, 388 F.3d at 1379.

under § 7702 or § 7703. Ballentine v. Merit Sys. Prot. Bd., 738 F.2d 1244, 1246 (Fed. Cir. 1984); see Checketts v. Merit Sys. Prot. Bd., 50 F. App'x 979, 980 (Fed. Cir. 2002) (concluding that the Federal Circuit had "jurisdiction to review the Board's decision because the Board did not reach the merits of Ms. Checketts' discrimination claim"). Thus, in a hybrid situation, the plaintiff must seek review in the Federal Circuit because that court has exclusive jurisdiction over matters involving the scope of the MSPB's jurisdiction. Burrell, 164 F. Supp. 2d at 810. According to the Federal Circuit in Ballentine, a federal district court has no jurisdiction to review a decision of the MSPB unless the Board reaches a decision on the merits of the plaintiff's discrimination claim.

In this case, Browder filed a "mixed case complaint" with his EEO office. After receiving the adverse EEO decision, Browder elected to file a "mixed case appeal" with the MSPB. Browder voluntarily withdrew his MSPB appeal, as Browder had entered into a settlement agreement with the USPS. As a result, the AJ dismissed the case for lack of jurisdiction. Eaves Decl. (Doc. #22-2) at Exh. 7 ("As a result of the settlement, [Browder] agrees to withdraw his appeal."). Because the AJ dismissed the entire MSPB appeal as withdrawn in light of the settlement agreement *without reaching the merits*, Browder did not exhaust his administrative remedies with respect to his discrimination claims. See Ruiz v. Ridge, 221 F. App'x 323, 325 (5th Cir. 2007) ("In this case, having elected to appeal his termination to the MSPB, Ruiz was bound to abide by the procedures of that forum through completion of that appeal."); see McAdams v. Reno, 64 F.3d 1137, 1141-

42 (8th Cir. 1995) (holding that a federal employee who elects to file an appeal with the MSPB is required to exhaust her claims in that forum before filing a civil action and cannot assert in federal court discrimination claims that were abandoned before the MSPB); Vinieratos v. United States Dep't of Air Force, 939 F.2d 762, 770 (9th Cir. 1991) ("[A]bandonment of the administrative process may suffice to terminate an administrative proceeding before a final disposition is reached, thus preventing exhaustion and precluding judicial review."); Rivera v. United States Postal Serv., 830 F.2d 1037, 1039 (9th Cir. 1987) ("To withdraw is to abandon one's claim, to fail to exhaust one's remedies."); Smith v. O'Keefe, 2006 U.S. Dist. LEXIS 53085, at *5 (S. D. Tex. July 31, 2006); see Taylor v. Dam, 244 F. Supp. 2d 747, 757 (S. D. Tex. 2003) ("[A]n aggrieved federal employee must elect an exclusive administrative remedy and fully exhaust the remedy chosen"); see also Harms v. Snow, 57 F. App'x 720 (8th Cir. 2003) (*per curiam*) (affirming the district court's dismissal of an IRS employee's Title VII and ADA claims for failing to exhaust his administrative remedies; although the employee initially pursued his claims with the MSPB, he subsequently abandoned those claims and was therefore precluded from raising them in federal court). Once Browder selected the MSPB as the forum for appealing the adverse EEO decision, he was required to exhaust his administrative remedies in that forum before filing suit in this Court. Hill v. Potter, 2002 U.S. Dist. LEXIS 2342, at *8 (N. D. Ill. Feb. 14, 2002). Because Browder failed to exhaust administrative remedies with the MSPB, this Court lacks jurisdiction over his

11

claims.  See Osahar v. Postmaster Gen. of United States Postal Serv., 2008 WL 123959, at *10 (11th Cir. Jan. 15, 2008).

Alternatively, the Court finds that the voluntary dismissal of Browder's MSPB appeal does not constitute a "judicially reviewable action" in this federal district court because the MSPB never rendered a decision on the merits of Browder's discrimination claims.  See Ballentine, 738 F.2d at 1246; Blaney v. United States, 34 F.3d 509, 510-12 (7th Cir. 1994) (upholding district court's dismissal for lack of jurisdiction because, based on a settlement agreement, no judicially reviewable action existed under 5 U.S.C. § 7703(b)); Rendon v. Potter, 2007 U.S. Dist. LEXIS 35386, at *20-21 (W. D. Tex. May 15, 2007); Ramey v. Ashcroft, 2005 WL 1637868, at *5 (N. D. Ohio July 12, 2005) (finding Mr. Ramey waived his right to district court review when he elected to settle his case and that the right of judicial review exists after a final decision from the MSPB).  Jones v. Boyd, 1998 WL 314668, at *3 (E. D. Pa. June 11, 1998) (holding that regardless whether discrimination claims were presented to the MSPB, if the claims were not adjudicated, the Federal Circuit retains exclusive jurisdiction).  The Court relies on this reasoning as an alternative to dismissal for failure to exhaust administrative remedies with the MSPB because the Second Circuit has rejected the Federal Circuit's position that a MSPB decision is not a judicially reviewable action if the MSPB dismisses the appeal for lack of jurisdiction.  Downey v. Runyon, 160 F.3d 139, 144-45 (2d Cir. 1998) (rejecting Ballentine and holding that employee could seek review in the district court despite the

fact that the MSPB had dismissed the appeal because it was untimely and had not reached the merits); see also Harms v. IRS, 321 F.3d 1001, 1008 (10th Cir. 2003) ("[W]hen the MSPB has jurisdiction over an appeal under § 7702(a)(1) but dismisses the appeal on procedural grounds the federal district court has jurisdiction to review *de novo* the decision of the MSPB."); Schultz v. Potter, 2006 WL 240674, at *2-3 (W. D. Pa. Feb. 1, 2006) (finding subject matter jurisdiction where only the issue of timeliness was before the court and the parties had reached a settlement agreement before the MSPB, because Mr. Schultz had set forth a mixed-case appeal alleging unsettled discrimination issues remained before the MSPB). Two district courts have recognized this disagreement and characterized the Second Circuit's position as the "minority view." See Rendon v. Potter, 2007 U.S. Dist. LEXIS 35386, at *20-21 (W. D. Tex. May 15, 2007) (citing Burrell, 164 F. Supp. 2d at 810 n. 5). Thus, in the alternative, Browder's discrimination claims must be dismissed for lack of jurisdiction.[4]

## IV.    CONCLUSION

For the reasons discussed above, it is the RECOMMENDATION of the Magistrate Judge that Defendants' Motion to Dismiss, as amended (Doc. #16, #22) is GRANTED. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before March 13, 2008**. Any objections filed must specifically

---

[4] Because the Court finds subject matter jurisdiction does not exist, the Court need not reach Browder's arguments concerning the settlement agreement.

identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982). See Stein v. Reynolds Securities, Inc., 667 F.2d 33 (11th Cir. 1982). See also Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 29th day of February, 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE