IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DISTRICT

BUTLER B. BROWDER,       )
                         )
        Plaintiff        )
                         )
v.                       )   CIVIL ACTION NO. 2:07cv 546-MEF
JOHN E. POTTER, et al.,  )
                         )
        Defendants.      )

**PLAINTIFF'S RESPONSE TO THE RECOMMENDATION OF THE MAGISTRATE JUDGE.**

Comes Now the Plaintiff, BUTLER B. BROWDER Prose in the above Captioned Case who disagrees with the recommended Decision of the Magistrate Judge for the Following Specified reasons:

I.  The decision represents Harmful Error.

II. The decision is inconsistence with applicable Laws, Rules of Regulations governing the issues involved in conducting such proceedings as in the instant case.

I.  **This decision represents Harmful Error**

The plaintiff avers that he properly filed and Appeal to MSPB for a hearing on an EEO matter (Discrimination) to which he was improperly advised on his Appeal Rights. i.e. Appeal Rights were issued to the Federal Circuit Court of Appeals on two separate decisions when in fact that court has no Jurisdiction over cases involving discriminatory issues. To that request for a hearing, no hearing was held. This action violated the plaintiff's right to a hearing as guaranteed him under Title VII and 5CRF CH.II §§1201.24d 'Right to hearing under 5U.S.C.7701,

An Appellant has a right to a hearing"

## II. The Magistrate's Decision is Inconsistence

The Magistrate's Decision is inconsistence with Applicable Laws, rules and regulation governing the issues involved in conducting such a preceding as provided in the instant case. The court states "Because Browder failed to exhaust administrative remedies with MSPB, this court lacks Jurisdiction over his claims".

1. Plaintiff submits that he followed each and every properly known and or indicated step of the Administrative Process i.e. Agency, EEO, MSPB, EEOC District Court. See Attachment "A" note the established Agency progression does not include the <u>Federal Circuit Court.</u>
2. The plaintiff was issued a Final Decision from MSPB with Appeal Rights to EEOC and for the Federal District Court.
3. Plaintiff availed himself of both processes in a timely manner.
4. 5CFRCHII sub part B1201.113 Finality of decision states
    (e) Exhaustion Administrative remedies are considered exhausted when a decision becomes Final in Accordance with this section.

Plaintiff submits that the Initial decision became final on or about January 13, 2007 and the Final decision became final on May 5, 2007.

5. This decision states "Browder voluntarily withdrew his MSPB Appeal, as Browder had entered in to a settlement agreement with the U.S.P.S." and subsequently states " Because the Court finds Subject Matter Jurisdiction does not exist, the court need not reach Browder's Arguments concerning the settlement agreement".

Plaintiff avers that the court contradicts itself in these two statements. "In the first, the court decides that the settlement agreement was voluntary and constitutes a proper settlement and in the Latter, declines to address the issues raised by Browder as to the Legality of the Settlement Agreement.

6. The court further states "once Browder selected the MSPB as the Forum For Appealing the Adverse EEO decision, he was required to exhaust his Administrative remedies in that Forum before filing suit in this Court".

Plaintiff Avers by virtue of the Final decision of MSPB Browder had infact exhausted his administrative remedies. Further that a hearing by the MSPB or EEOC is not mandatory merely the exercise of the process. MSPB decided erroneously not to grant a hearing to the plaintiff. In the case of <u>Tommy J. Jacobs</u> vs. US postal service case number 2:99cv1357-MHG. The plaintiff Elected a hearing through the EEOC, which was not held. That case was tried by a Jury in this court system.

This Court by Omission Legitimizes an otherwise illegal settlement agreement, which was cored, not voluntarily represents a mutual mistake and did not Follow the Administrative Mandates of MSPB (be written before read into the record) Thus violates the statutory requirements of a settlement agreement, and denies the plaintiff due process.

**CONCLUSION**

Plaintiff concludes that this decision renders an error by the MSPB, EEOC, and any other Administrative office to be above the Law, which granted a plaintiff who properly raises a claim of Discrimination the right to a trial by the Federal District Court.

Signed

*[signature]*

Pro Se
4504 Sunnybrook Dr
Montgomery, AL 36008
334 281 1473



National EEO Services Office
**UNITED STATES**
**POSTAL SERVICE**

JUL 1 2 2006

## UNITED STATES POSTAL SERVICE
## EQUAL EMPLOYMENT OPPORTUNITY CASE
## IN THE MATTER OF:

Butler Browder )
4504 Sunnybrook Drive )
Montgomery    AL   36108-5046 )
Complainant )
 )
 )   Delivery Confirmation Complainant   0305 1720 0001 9354 0846
v. )
John E. Potter )   Agency Case Number: 1H-361-0004-06
Postmaster General )
Respondent )   Date Formal Filed:   April 05, 2006
Agency )
 )

### TRANSMITTAL OF INVESTIGATIVE FILE - "MIXED CASE"

In accordance with Title 29, Code of Federal Regulations, Part 108(f) and 1614:302(D)(2), this is notification of the complainant's appeal rights regarding the formal mixed case complaint of discrimination referenced above. After 120 calendar days from the filing of your formal complaint, you have the following three options:

- File an appeal directly with the Merit Systems Protection Board at the following address:




- Wait for the Postal Service's final agency decision and then appeal to the Merit Systems Protection Board, not the Equal Employment Opportunity Commission, within thirty (30) calendar days of the date of your receipt of that decision; OR

- After receiving the Postal Service's final agency decision, file a civil action in an appropriate U.S. District Court, as provided for in Title 29, Code of Federal Regulations, Part 1614.310(a), within thirty (30) days from the date of the receipt of the final agency decision.

NOTE: If represented by an attorney, all time frames are calculated from the date in which the attorney receives the applicable document; e.g., this notice.

Should you decide not to pursue this complaint, please sign and date the enclosed PS Form 2564-C and return it to:

NEEOISO
U.S. POSTAL SERVICE
PO Box 21979
Tampa, FL  33622-1979

*Sheila J. Edmunds*
Sheila E. Edmunds
EEO Services Analyst

Enclosures:

cc: Manager, EEO Compliance and Appeals, Southeast Area


PO Box 21979
Tampa FL 33622-1979

Tel. (813) 739-2005
FAX  6503576511

EX-P, A (MSRD)

Certificate of Service

This is to certify that the attached documents were sent to the below named individuals via U.S. Mail on 3/7/37/08

Signed:

Butler Browder, Pro Se
4504 Sunnybrook Drive
Montgomery, AL 36108
(334) 281-1478

LEURA G. CANARY
1 COURT SQUARE
MONTGOMERY, AL

ANDERSON NELMS
847 S. MCDONOUGH STREET
MONTGOMERY, AL 36104